# IN GENERAL TERM, 1874.

JOHN KNIGHT *v.* JOHN WALL, JOEL B. EDWARDS, (Appellant,)
WILLIAM L. OGE, JOHN S. PATTERSON, AND
THOMAS COTTRELL.

APPEAL—*notice to parties in*—
SUPERIOR COURT—*appeal in.*

The rule of the statute regulating appeals from the Circuit to the Supreme Court, governs in like cases, from the Special to the General Term of the Superior Court.

In an appeal to the General Term, where there are several defendants, all are required to be made parties, in the manner required by the statute, else the appeal will be dismissed.

*Dye & Harris,* for appellant.
*Beck & Sullivan,* for appellee.

NEWCOMB, J.—Knight sued the plaintiffs above named on a promissory note, to which the names of Wall, and Edwards appear as makers, and those of the others as assignees, the note not being negotiable under the statute of this State.

All the defendants, except Edwards, were defaulted. He defended on the ground that he executed the note as surety for Wall, and that Oge, the payee, and then holder, extended the time of payment for several months after the note became due, for the consideration of fifteen per cent. interest, paid at the time of the agreement for said extension ; all without the knowledge, or consent, of him, Edwards. There was a

finding against Edwards on the issues made by his answer, and over his motion for a new trial a joint judgment was rendered against all the defendants. None of them, except Edwards, appealed to the General Term, nor have they since been made parties to the appeal. The first question pre-- sented in this case, is the right of the defendant, Edwards, to alone prosecute an appeal from the joint judgment, with-- out making his co-defendants parties to the appeal.

The authority of the full bench of this Court to hear appeals from Special Term, is found in Section 25 of the Act to establish Superior Courts, Acts of 1871, page 53, which provides that: " In all cases, where, under existing, or future laws of this State, a person has a right of appeal, from the Circuit Court, to the Supreme Court, an appeal may be had from a Special, to the General Term of said Superior Court."

Section 551 of the Code of Practice, under the head of " Appeals in Civil Actions," is as follows:

" A part of several co-parties may appeal, but in such case they must serve notice of the appeal upon all the other co-parties, and file the proof thereof with the Clerk of the Supreme Court. Unless they appear, and decline to join, they shall be regarded as having joined, and shall be liable for their due proportion of costs. If they decline to join their names may be struck out on motion, and they shall not take an appeal afterwards, nor shall they derive any benefit from the appeal, unless from the necessity of the case, except persons under legal disabilities. 2 G. & H., 270.

The Supreme Court has uniformly held, that it would not entertain an appeal by one of several defendants to a judg-ment, unless the other defendants were made parties to the appeal, in the manner prescribed by the foregoing statute, and has repeatedly dismissed such appeals. Of the many decisions of this character, we cite *Huston* v. *Roosa*, 42 *Ind.*,

386; *Keiser et al.*, v. *Yandes*, 399 *ib.*; *Barnhart* v. *Cisna ib.*, 477; *Price et al.*, v. *Pollock et al*, 497, *ib.*, and *Harlan* v. *Watson et al.*, 526, *ib.*

The Statutes of 1871 clearly provide for appeals to the General Term, from a Special Term of this Court, only in cases where if the trial were had in the Circuit Court, an appeal would lie to the Supreme Court; consequently it follows that all the parties must be before the General Term, who would be necessary parties to an appeal from the Circuit to the Supreme Court; and the rule of practice of the Supreme Court, in this respect, must be the rule of this Court, The importance of this rule of practice, is apparent in the present case.    Edwards appears, by the face of the note, to be one of the makers thereof, while Oge, Patterson, and Cottrell occupy the apparent position as assignors, and if they were liable at all in their action, their liability was secondary to that of the makers of the note.    It is to their interest, therefore, that the judgment against Edwards shall stand, and it ought not to be reversed without giving them the opportunity to be heard, which the statute has provided.

The appeal is dismissed, at the cost of the appellant, Edwards.